UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**EDWIN GILBERTO SERRANO,**

        **Plaintiff,**

**v.**                                      **Case No: 6:12-cv-1565-Orl-22GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

Edwin Gilberto Serrano (the "Claimant"), appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for benefits. Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) failing to state with particularity the weight given to specific limitations found by two non-examining physicians, and by failing to include those specific limitations in the ALJ's hypothetical question to the vocational expert (the "VE"); and 2) failing to include a moderate limitation in maintaining concentration, persistence, or pace in the hypothetical question to the VE. Doc. No. 18 at 11-23. For the reasons that set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **AFFIRMED**.

**I.**     **STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v.*

*Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

II.   ANALYSIS.

   A.   WEIGHT GIVEN TO NON-EXAMINING OPINIONS.

Claimant maintains that the ALJ erred by failing to state with particularly the weight given to portions of Drs. Bartlett and Rosenberg's non-examining opinions. Doc. No. 18 at 11-15. Drs. Bartlett and Rosenberg are psychologists who offered independent mental residual functional capacity assessments ("MRFC") based upon a review of the record. R. 407-10, 425-28. An MRFC is a form that contains a series of check boxes in Section I, and in Section III provides a space for the doctor to provide a functional capacity assessment. R. 407-10, 425-28. In Section

I, both doctors checked a box indicating that Claimant is moderately limited in "the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." R. 408, 426.

In Section III, the functional capacity assessment, Dr. Bartlett opined:

> This is a 52-year old male with limited formal education but has had good vocational skills for carpentry over the years. Unfortunately, he was released from his last job due to reduction in job demand and the down economy, but he has a variety of potentially serious medical conditions which contribute to pain and physical limitations. Also, he struggled with alcohol dependence over the years, but finally has it in remission. [Claimant] has been single for many years and lives with a male roommate, but is semi-dependent on mother. [Claimant] can do a variety of home health care activities when motivated. However, <u>the pain and physical limitations do affect concentration and reduce pace. Nevertheless, he is still able to do simple and basic as well as moderately complex one and two-step tasks under low stress settings of home or work</u>.

R. 409 (emphasis added). Thus, Dr. Bartlett opined that Claimant's pain and physical impairments do affect his ability to concentration and reduce pace, but the Claimant is "still able to do simple and basic as well as moderately complex one and two-step tasks under low stress settings of home or work." R. 409.

In Section III of his MRFC, Dr. Rosenberg opined:

> Functional data compiled from credible sources shows the [Claimant's] abilities as follows:
>
> Understanding and Memory: Would be able to understand and remember simple instructions, but may have difficulties with more detailed information.
>
> Sustained Concentration and Persistence: Would be able to complete simple tasks/work procedures and make routine work decisions; may have difficulties maintaining attention and concentration for extended periods or multitasking.

> Social Interaction: Limited interaction and current social avoidance secondary to pain limits and depression concerning life situation. Does related adequate at home with family and friends. Would be able to cooperate and be socially appropriate in the community and in the workplace, as well as deal with persons in authority adequately. Would likely have difficulties dealing effectively with work stresses/pressures.
>
> Adaptation: Would be able to avoid hazardous situations and conditions.  Appears capable of adapting appropriately and performing consistently within a reasonable supportive work environment if within objectively defined physical capabilities. Presently appears to be self limiting activities due to and in anticipation of pan exacerbation.
>
> Overall, capable of completing simple tasks w/in physical capabilities on a regular basis from a mental standpoint though consistency is likely to be self limited by pain awareness.
>
> Work functioning would likely be negatively impacted by alleged medical conditions.

R. 427. In sum, Dr. Rosenberg opined that, overall, Claimant is "capable of completing simple tasks . . . on a regular basis from a mental standpoint though consistency is likely to be self limited by pain awareness." R. 427.

In the decision, the ALJ determined at step-two of the sequential evaluation process that Claimant has the following severe impairments: history of chronic pancreatitis, currently in remission; insulin dependent diabetes mellitus; degenerative disc disease of the cervical and lumbar spine; alcohol abuse in remission since October of 2008; and adjustment disorder. R. 14. Relying in part on the opinions of Drs. Bartlett and Rosenberg, the ALJ found that Claimant has moderate limitations in the area of social functioning and in concentration, persistence or pace. R. 15-16. The ALJ stated that her residual functional capacity assessment (the "RFC") "reflects the degree of limitation the [ALJ] has found" with respect to the mental limitations. R. 16-17.

The ALJ determined that Claimant retains the following RFC:

> [Claimant can] perform a reduced range of light work. . . . The claimant can never climb ladders, ropes, or scaffolds but can occasionally crouch, stoop, and kneel. The claimant must avoid use of dangerous moving machinery or work at unprotected heights. The claimant can perform only simple tasks, routine in nature and can tolerate only occasional change in the work setting and occasional direct interaction with the public.

R. 17. Thus, the ALJ determined that Claimant's mental impairments limit Claimant to performing "only simple tasks, routine in nature and [he] can tolerate only occasional change in the work setting and occasional direct interaction with the public." R. 17.

The ALJ described the opinions of Drs. Bartlett and Rosenberg as follows:

> Edmund Bartlett, Ph.D., a State agency consultant, opined that the claimant is able to do simple and basic tasks as well as moderately complex one-and-two-step tasks under low stress settings of home or work. Leigh Rosenberg, Psy.D., another State agency consultant, opined that the claimant is capable of completing simple tasks on a regular basis, though consistently is likely to be self-limited by pain awareness, and would likely have difficulties dealing effectively with work stresses and pressures.

R. 20. The ALJ stated that he gave "significant weight" to Dr. Bartlett's opinion because it is "consistent with the claimant's complaints, mental status examination findings that do not show significant cognitive or thought disorder and the lack of mental health treatment or decompensation in the record." R. 21. The ALJ also stated that the "limitation in the ability to deal with work stress and pressure suggested by Dr. Rosenberg has been considered and the [ALJ] concludes it is consistent with the limitations included in the mental residual functional capacity in task complexity, dealing with change in relating to the public, which are also consistent with the evaluation of [the severe impairments at step-two] earlier in this decision." R. 21. Thus, from Section III of their respective MRFCs, the ALJ gave significant weight to Dr. Bartlett's opinion and adopted Dr. Rosenberg's opinion. R. 21, 409, 427.

Claimant argues that the ALJ failed to state with particularity the weight given to their

"opinions" in Section I that Claimant is moderately limited in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms.  Doc. No. 18 at 11-15.  As set forth below, Claimant's argument misperceives the difference between findings in Section I and the actual opinion contained in Section III of the MRFCs.  In *Jones v. Comm'r of Soc. Sec.,* 478 F. App'x 610 (11th Cir. 2012) (per curiam), the claimant raised a similar argument.[1]  The claimant argued that the ALJ failed to account for the opinions of two non-examining, consultative physicians who completed a Mental Residual Functional Capacity Assessment, and who indicated under Section I that claimant was "moderately limited" in his "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods."  *Jones*, 478 F. App'x at 612.  The Eleventh Circuit disagreed:

> This argument is also unavailing because it does not consider "*all* of the relevant medical and other evidence" that was before the ALJ. 20 C.F.R. § 404.1545(a)(3) (emphasis added).  The Social Security Administration's Programs Operations Manual System (POMS) clarifies that the boxes checked by Dr. Zelenka and Dr. Bee are only part of a worksheet that "does not constitute the [doctors' actual] RFC assessment."  POMS DI § 24510.060(B)(2). Checking the box "Moderately Limited" means only that the claimant's capacity is impaired; it does not indicate the degree and extent of the limitation. *See Id*. § 24510.063(B)(2).  After checking the boxes as an "aid," *Id*. § 24510.060(B)(2), a doctor is then required to detail his actual RFC assessment.  *See Id*. § 24510.060(B)(4).
>
> Consistent with these directives, both Dr. Zelenka and Dr. Bee, after checking the various boxes, elaborated on their opinions regarding Jones's ability to concentrate.  Dr. Zelenka explained that Jones has "occasional" problems with his attention span, but that he otherwise "retains adequate mental ability to carry out simple instr[uctions] and to relate adequately to others in a routine work setting."  Similarly, Dr. Bee stated that Jones "may" have "occasional lapses in concentration and efficiency," but that he otherwise "appears

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11th Cir. R. 36-2.

- 6 -

>    mentally capable of well structured task activity." These opinions
>    tend to support the ALJ's finding.

*Id*. Thus, the Court found that checking the box in Section I of a MRFC assessment form indicating that claimant is moderately limited does not constitute the physician's actual RFC assessment. *Id*. Instead, the findings in Section I are merely aids used by the physician to render his or her RFC determination in Section III of the mental RFC assessment form. *Id*; *Land v. Comm'r of Soc. Sec.*, 494 F. App'x 47, 49-50 (11th Cir. 2012) (per curiam) (stating that checking the box in Section I of a mental RFC assessment form does not indicate the degree and extent of the limitation but rather is an aid before the doctor renders his or her RFC determination). In other words, Section III, not Section I, of the MRFC contains the doctor's opinions. The undersigned finds *Jones* and *Land* persuasive.

Like the physicians in *Jones* and *Land*, Drs. Bartlett and Rosenberg checked the box in Section I of the MRFC indicating that Claimant had moderate limitations in completing a normal workday and workweek. R. 408, 426. These Section I findings were merely aids, intended to assist them in rendering their ultimate opinions. *Jones*, 478 F. App'x at 612; *Land*, 494 F. App'x at 49-50. Indeed, their ultimate opinions do not indicate that Claimant is unable to complete a normal workday or workweek. R. 409, 427. Since their Section I findings were merely an aid in rendering their ultimate opinions in Section III, and not subsequently adopted therein, the ALJ did not err by failing to state with particularity the weight given to any of their findings in Section I.[2] Accordingly, it is **RECOMMENDED** that the Court reject this argument.

---

[2] Claimant also argues that the ALJ erred by failing to include a moderate limitation in the ability to complete a normal workday and workweek in the RFC and in the hypothetical question to the VE. Doc. No. 18 at 13-15. This corollary argument is rejected for the same reasons set forth above. *Jones*, 478 F. App'x at 612; *Land*, 494 F. App'x at 49-50.

**B. Concentration, Persistence, and Pace.**

Claimant argues that the ALJ's first hypothetical question to the VE (R. 54-55) did not adequately reflect Claimant's limitations. Doc. No. 18 at 15-22. Specifically, Claimant argues that the hypothetical question did not adequately reflect his limitations in maintaining concentration, persistence, and pace. Doc. No. 18 at 15-22 (citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011)). Since the ALJ relied on the VE's testimony at step-five of the sequential evaluation process to to find that there are jobs in the national economy which Claimant can perform, Claimant contends that the ALJ's decision is not supported by substantial evidence. Doc. No. 18 at 15-22. The Commissioner contends that ALJ's decision is supported by substantial evidence because the medical evidence demonstrates that Claimant can perform simple tasks, routine in nature with only occasional change in the work setting despite the limitation in concentration, persistence or pace. Doc. No. 19 at 9-13.

During the hearing, the ALJ posed the following hypothetical question to the VE:

> Q: I'd like you to consider an individual of the claimant's closely approaching advanced age, and we'll consider him to have a marginal education and the work experience you described. I'd like you to consider that such an individual would be limited to a range of light work as described by the regulations, can never climb ladders, ropes or scaffolds, can only occasionally stoop, crouch, or kneel; additionally, must avoid use of dangerous moving machinery at work or work at unprotected heights. The individual would be limited to work that is simple and routine in nature with only occasional change in the work setting and requires only occasional direct interaction with the public. Would such an individual be able to perform any of the past work you described?
>
> A: No, your honor.
>
> Q: Would there be other jobs that exist in the national or regional economy that such an individual could perform?

    A:  Yes, your honor. . . .

R. 54-5. Given these limitations, the VE testified that Claimant could perform the jobs of office helper, order caller, and root-router. R. 55. Based on the VE's testimony, the ALJ found that there are a significant number of jobs in the national economy which Claimant can perform. R. 22-23.

At step five of the sequential evaluation process, the Commissioner bears the burden to show that, in light of the claimant's RFC and other factors, there exist a significant number of jobs in the national that the claimant can perform. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1180 (11th Cir. 2011); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If such jobs exist, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). An ALJ may make this determination based on the VE's response to hypothetical questions that contain the claimant's limitations. *See Winschel*, 631 F.3d at 1180.

For the VE's testimony to constitute substantial evidence, the ALJ's hypothetical question need not include "each and every symptom of the claimant," but must include "all of the claimant's impairments." *Ingram v. Commissioner of Social Security,* 496 F.3d 1253, 1270 (11th Cir. 2007). In *Winschel*, the Eleventh Circuit held that if a claimant is found to suffer moderate limitations in concentration, persistence, and pace, the ALJ must either "indicate that medical evidence suggested [that claimant's] ability to work was unaffected by [those] limitation[s]," or include those limitations, either explicitly or implicitly, in the hypothetical question(s) posed to the VE. *Winschel*, 631 F.3d at 1181. Since *Winschel*, the Eleventh Circuit has recognized that a hypothetical question could sufficiently account for moderate limitations in concentration, persistence, and pace by including a restriction to simple or routine tasks, if the medical evidence demonstrates that the claimant has the ability to perform those tasks despite such limitations. *See, e.g.*, *Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 907 (11th Cir. 2013); *Jacobs v. Comm'r*

*of Soc. Sec.*, 520 F. App'x 948, 950-1 (11th Cir. 2013); *Washington v. Soc. Sec. Admin., Comm'r*, 503 F. App'x 881, 883 (11th Cir. 2013); *Scott v. Comm'r of Soc. Sec.*, 495 F. App'x 27, 29 (11th Cir. 2012); *Syed v. Comm'r of Soc. Sec.*, 441 F. App'x 632, 634-5 (11th Cir. 2011); *Jarrett v. Comm'r of Soc. Sec.*, 422 F. App'x 869, 871-2 (11th Cir. 2011).

Here, relying on the findings of Drs. Bartlett and Rosenberg, the ALJ found that Claimant has moderate limitations in concentration, persistence, or pace. *See* R. 16 ("Even though mental examination findings are benign in this area, the [ALJ] will accept the reviewing physician's conclusions that the claimant has moderate limitation with regard to concentration, persistence, or pace."). In the RFC, the ALJ found that Claimant can "perform only simple tasks, routine in nature and can tolerate only occasional change in the work setting and occasional direct interaction with the public." R. 17. In determining the Claimant's RFC, the ALJ discussed Drs. Bartlett and Rosenberg's opinions (R. 20), gave Dr. Bartlett's opinion (R. 409) significant weight (R. 21) and adopted Dr. Rosenberg's opinion (R. 21, 429). Their respective opinions indicate that Claimant, despite having moderate limitations in concentration, persistence, or pace, is able to perform simple tasks, routine in nature and can tolerate only occasional change in the work setting and occasional direct interaction with the public. R. 17, 407-09, 427-29. Indeed, the mental limitations included in the ALJ's RFC determination, which mirror those mental limitations posed to the VE in the hypothetical question, are materially similar to the MRFCs of Drs. Bartlett and Rosenberg. *Compare* R. 20 *with* R. 409, 429. Therefore, the ALJ sufficiently accounted for Claimant's mental limitations in the RFC and hypothetical question to the VE. *See Garcia v. Comm'r of Soc. Sec.*, Case No. 6:12-cv-452-Orl-DAB, 2013 WL 2290556, at *5 (M.D. Fla. May 24, 2013) (finding ALJ's inclusion of simple routine tasks in her hypothetical to the VE fully accounted for claimant's moderate limitations in concentration, persistence, and pace, where the ALJ gave great weight to

medical opinions that indicated that claimant could perform simple and routine tasks despite moderate limitations in concentration, persistence, and pace). As such, the ALJ's finding at step-five is supported by substantial evidence. Accordingly, it is **RECOMMENDED** that the Court reject this argument.

### III. CONCLUSION.

For the reasons stated above, it is **RECOMMENDED** that the Court:

1. **AFFIRM** the final decision of the Commissioner; and

2. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. If the parties have no objection to this report and recommendation, they may promptly file a joint notice of no objection.

Recommended in Orlando, Florida on December 16, 2013.

_____
THE HONORABLE PAUL A. ZOSS
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Richard A. Culbertson
Suite E
3200 Corrine Drive
Orlando, FL 32803

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Douglas Wilson, Branch Chief
Melanie N. Williams, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Joseph L Brinkley
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR
Nat'l Hearing Center
5107 Leesburg Pike
Falls Church, VA 22041