UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**EDWIN G. SERRANO,**

        **Plaintiff,**

v.                                                                  Case No: 6:12-cv-1565-Orl-22GJK

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**
_____/

**ORDER**

This cause is before the Court on Plaintiff Edwin Serrano's ("Plaintiff") Complaint for review of the final decision of the Commissioner of Social Security (the "Commissioner") denying Supplemental Security Income payments to Plaintiff. (Doc. No. 1).

The United States Magistrate Judge submitted a report recommending that the Commissioner's final decision be AFFIRMED. (Doc. No. 22).

After an independent *de novo* review of the record in this matter, including the objections filed by Plaintiff (Doc. No. 23) and the Commissioner's response thereto (Doc. No. 24), the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation ("R & R").

**I.     BACKGROUND**

The Court briefly sets forth the relevant procedural history. In 2008, Plaintiff applied for supplemental security income, alleging disability beginning on July 15, 2008. (*See* R. at 12). After his applications were denied initially and on reconsideration, on November 8, 2010, an Administrative Law Judge ("ALJ") held a hearing at Plaintiff's request. (*Id.*). At the hearing, the

ALJ considered testimony from Plaintiff and from an impartial vocational expert ("VE"). (*Id.*). On December 6, 2010, the ALJ issued a decision finding Plaintiff not disabled. (R. at 12-23). Based on the ALJ's residual functional capacity ("RFC") assessment and the testimony of the VE, the ALJ found that Plaintiff could perform other work available in the national economy. (R. at 23). Plaintiff appealed the ALJ's decision to the Appeals Council, which denied Plaintiff's request for review. (R. at 1-3). Thereafter, on October 16, 2012, Plaintiff filed his Complaint in this Court. (Doc. No. 1).

## II.     LEGAL STANDARDS

### A. Review of Magistrate Judge's Report & Recommendation

In the Eleventh Circuit, a district judge may accept, reject or modify a magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982), *cert. denied*, 459 U.S. 1112, 103 S.Ct. 744 (1983). A district judge must conduct a *de novo* review of the portions of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1)(C). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citing H.R. Rep. No. 94-1609, 94th Cong., 2nd Sess., *reprinted in* 1976 U.S. Code Cong. & Admin. News 6162, 6163). A district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper–Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir. 1994).

### B. *Social Security Sequential Evaluation Process*

When an ALJ makes a disability determination, the ALJ follows a five-step evaluation process: (1) whether Plaintiff is currently performing substantial gainful activity; (2) whether Plaintiff has a severe impairment; (3) whether the severe impairment meets or exceeds an impairment in the listings; (4) whether the Plaintiff can perform his past relevant work; and (5) whether Plaintiff can perform other jobs that exist in the national economy. *See Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 136-37 (11th Cir. 2009) (per curiam) (citations omitted). The Plaintiff has the burden of proof on the first four steps; the Commissioner carries the burden on the fifth step. *Id.* at 137 (citation omitted).

When reviewing the ALJ's findings of fact, the Social Security Act mandates that "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citation omitted). Substantial evidence is evidence that is "more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Id.* at 1560 (citations omitted). As well, the Court reviews *de novo* the ALJ's conclusions of law. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007). If the ALJ fails to apply the correct law or provide the Court with sufficient reasoning for determining that the proper legal analysis was conducted, then the Court must reverse. *Id.* (citation omitted).

### III.     PLAINTIFF'S OBJECTIONS

#### A. *Plaintiff's First Objection*

First, Plaintiff argues that the ALJ failed to apply the correct legal standards as to Dr. Bartlett's and Dr. Rosenberg's opinions that Plaintiff was moderately limited in his ability to

complete a normal workday and workweek. (Doc. No. 23 at p. 2). Plaintiff's argument stems from the mental residual functional capacity assessments ("MRFCAs") conducted by the two doctors. (R. at 407-09, 425-27). Specifically, both Dr. Bartlett and Dr. Rosenberg, in their respective MRFCAs, marked in "Part I: Summary Conclusions" the box describing that Plaintiff was "moderately limited" in "[t]he ability to complete a normal work-day and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." (R. at 408, 426). Plaintiff contends that the doctors "failed to even address their conclusions that [Plaintiff] would be moderately limited in his ability to complete a normal workday and workweek without interruptions." (Doc. No. 23 at p. 5). The Magistrate Judge recommended the Court reject this argument based on *Jones v. Comm'r of Soc. Sec.*, 478 F. App'x 610 (11th Cir. 2012) (per curiam), and *Land v. Comm'r of Soc. Sec.*, 494 F. App'x 47 (11th Cir. 2012) (per curiam). The Court finds these cases are directly on point and persuasive.

In *Jones*, the appellant raised a similar claim to the one Plaintiff raises in the present case. There the appellant claimed that the ALJ failed to account for two evaluating physicians that checked in Part I of an MRFCA the "moderately limited" box for the description: "[The] ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." *Jones*, 478 F. App'x at 612. The Eleventh Circuit rejected this argument noting that the appellant's argument did not consider all of the relevant medical and other evidence that was before the ALJ. *Id.* Further, the Eleventh Circuit explained that the Social Security Administration's Programs Operations Manual System ("POMS") clarifies that the boxes checked by doctors are only part of a worksheet that does not constitute the doctor's actual RFC

4

assessment. *Id.* After checking a box in Part I "as an aid", a doctor is then required to detail his actual RFC assessment in Part III. *Id.* (citation omitted). As well, in *Land v. Comm'r of Soc. Sec.*, the Eleventh Circuit reiterated its analysis from *Jones*, addressing the same issue. *Land*, 494 F. App'x 47, 49-50 (11th Cir. 2012) (per curiam) (stating that checking the box does not indicate the degree and extent of the limitation but rather is an aid before the doctor engages in her required RFC).

In the present case, the Court agrees with the analysis of the Magistrate Judge that the checked boxes were "merely aids", intended to assist the doctors in rendering their ultimate opinions. As the Magistrate Judge properly found, the ultimate opinions of the doctors do not indicate that Plaintiff is unable to complete a workday or workweek. (*See* R. at 409, 427). For these reasons, the Court rejects Plaintiff's claims that the ALJ erred by failing to include a moderate limitation in the ability to complete a normal workday and workweek in the RFC and in the hypothetical question to the VE. The Court finds that the ALJ did follow the correct legal standard in this regard.

### A. Second Objection

Plaintiff's next objection is that the "ALJ failed to follow the correct legal standards at steps four and five of the sequential evaluation process." (Doc. No. 23 at p. 8). Plaintiff, relying on *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), argues that the ALJ failed to "specifically account" for Plaintiff's moderate limitations in maintaining concentration, persistence, and pace. (*Id.*).

An "ALJ's hypothetical question must take into account the ALJ's step two finding that a claimant has moderate limitations in maintaining concentration, persistence, and pace, unless the ALJ indicates that the medical evidence suggests that the claimant's ability to work is unaffected

by the limitation or the ALJ's question implicitly accounts for the limitation." *Garcia v. Comm'r of Soc. Sec.*, 2013 WL 2290556, at *5 (M.D. Fla. May 24, 2013) (citing *Winschel*, 631 F.3d at 1181). Since *Winschel*, the Eleventh Circuit has recognized that a hypothetical question could sufficiently account for a moderate limitation in concentration, persistence, or pace by including a restriction to simple or routine tasks where the medical evidence demonstrates that the claimant retains the ability to perform those tasks despite the limitations. *See, e.g., Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 907 (11th Cir. 2013); *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950-51 (11th Cir. 2013); *Washington v. Comm'r of Soc. Sec.*, 503 F. App'x 881, 883 (11th Cir. 2013); *Scott v. Comm'r of Soc. Sec.*, 495 F. App'x 27, 29 (11th Cir. 2012).[1]

Here, the ALJ found that Plaintiff had moderate limitations in concentration, persistence, and pace. (R. at 16). Thus, in the RFC, the ALJ stated, "The claimant [can] perform only simple tasks, routine in nature and can tolerate only occasional change in work setting and occasional direct interaction with the public." (R. at 17). Regarding this finding, the ALJ discussed both Dr. Bartlett and Dr. Rosenberg's opinions, giving Dr. Bartlett's opinion significant weight (R. at 21) and adopting the opinion of Dr. Rosenberg. (*Id.*). Thus, the ALJ took into account Plaintiff's moderate limitations in maintaining concentration, persistence, or pace by including the restrictions that Plaintiff can perform only simple tasks, routine in nature and can tolerate only occasional change in work setting and occasional direct interaction with the public. Because the evidence showed that Plaintiff could perform simple, routine tasks, the ALJ's hypothetical question to the VE sufficiently addressed Plaintiff's limitations as to concentration, persistence,

---

[1] Plaintiff's objection that these unpublished decisions conflict with the Eleventh Circuit's decision in *Winschel* is not well-taken. There is no conflict between the decisions. Indeed, the *Winschel* court specifically noted that "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace," limiting a hypothetical question to include only unskilled work sufficiently accounts for the limitations. *Winschel*, 284 F.3d at 1227.

or pace. *See Winschel,* 631 F.3d at 1180-81. Accordingly, the Court finds that the ALJ's findings in this area are supported by substantial evidence.

## IV.  CONCLUSION

Therefore, based on the foregoing, it is **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation, filed on December 16, 2013 (Doc. No. 22), is **ADOPTED and CONFIRMED** and is made a part of this Order.

2. Plaintiff Edwin Serrano's objections (Doc. No. 23) are **OVERRULED**.

3. The final decision of the Commissioner is **AFFIRMED**. The Clerk is directed to enter judgment accordingly.

4. The Clerk is **DIRECTED TO CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on February 19, 2014.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

7